# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES of AMERICA, | Criminal Action No. 17-339 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| BRAHIAN TURBIDES-PENA, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), by Defendant Brahian Turbides-Pena ("Turbides-Pena"). On February 10, 2021, Defendant filed a motion for compassionate release from incarceration, due to confinement conditions involving Covid-19, and reduction of sentence to time served. The Government has opposed the motion. Defendant did not file a reply brief. For the reasons that follow, the motion will be denied.

Defendant moves for a reduction of sentence to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant argues, in short, that the risk of illness with Covid-19 due to incarceration presents an extraordinary and compelling reason to reduce his sentence. The Government, in opposition, argues that the motion should be denied because Defendant has already been fully vaccinated against Covid-19, and because the Section 3553(a) factors do not warrant a reduction in sentence.

In making the present motion, Defendant has:

> moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. This provision empowers a court to reduce a

1

defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Until passage of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. The First Step Act created an independent avenue for defendants to seek relief from the federal courts.

United States v. Ebbers, 2020 U.S. Dist. LEXIS 3746, at *1-2 (S.D.N.Y. Jan. 8, 2020) (citations omitted.)  The relevant provision states:

> (c) Modification of an imposed term of imprisonment.  The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) [18 USCS § 3559(c)], for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g) [18 USCS § 3142];
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set

> forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

Defendant moves for compassionate release on the ground that extraordinary and compelling reasons warrant a modification of his sentence. As a sister Court has explained:

> We evaluate compassionate release based on three factors. First, we address whether "extraordinary and compelling reasons warrant the reduction" and whether the reduction is consistent with the Sentencing Commission's policy statements in effect before the First Step Act. Second, we determine whether [defendant] is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Third, we must consider the factors listed in 18 U.S.C. § 3553(a), "to the extent they are applicable."

United States v. Sotelo, 2019 U.S. Dist. LEXIS 135051, at *12 (E.D. Pa. Aug. 7, 2019). As the movant, Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Government contends that Defendant has not shown that extraordinary and compelling reasons warrant a reduction in sentence. The Government does not dispute that Defendant is overweight or obese, and concedes that, absent vaccination against Covid-19, that would qualify him for the relief he seeks. Here, however, Defendant received his second dose of the Covid-19 vaccine in April of 2021, and is now fully vaccinated against that disease. As a result of the protection against Covid-19 that Defendant now has, the Government argues that the health risks of continued incarceration have been substantially reduced and no longer constitute an extraordinary and compelling reason that warrants a reduction in sentence.

The Government next argues that the § 3553(a) factors militate strongly in favor of continued incarceration, and that Defendant is not an appropriate candidate for a reduction of his sentence, on two principal grounds: 1) Defendant's crime was serious, as he sold more than 169 grams of heroin in multiple transactions; 2) Defendant fled the United States to avoid serving his

sentence, requiring the Government to secure his extradition so that he could serve his sentence, making him undeserving of a reduction in sentence. The Government argues as well that Defendant's conduct puts him at significant risk of fleeing the country and not serving his four-year term of supervised release.

This Court finds the Government's arguments persuasive. Given that Defendant is fully vaccinated against Covid-19, the risk of that illness due to continued incarceration has been substantially reduced and does not constitute an extraordinary and compelling reason for a reduction in sentence. This Court has weighed the § 3553(a) factors, and they do not support granting Defendant's motion for a reduction in sentence.

For these reasons,

**IT IS** on this 7th day of June, 2021,

**ORDERED** that Defendant's motion for compassionate release (Docket Entry No. 52) is **DENIED**.

>    s/ Stanley R. Chesler
> Stanley R. Chesler, U.S.D.J